UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80004-T/P-HURLEY

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GILBERT GRANTLIN,

    Defendant.
_____/



## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court for a final probable cause hearing on a petition for violations of supervised release. The Defendant, GILBERT GRANTLIN, appeared before the Court on August 17 and 24, 2011, represented by AFPD Dave Brannon. The Government was represented by AUSA Emalyn Webber. The Defendant is charged with 4 violations: (1) a violation of law for the offense of domestic battery on May 20, 2011; (2) a violation of law for the offense of Criminal Mischief on May 20, 2011; (3) a violation of law for the offense of Fleeing or attempting to Elude on May 27, 2011; (4) a violation of law for the offense of Possession of Marijuana under 20 grams on May 27, 2011; (5) a violation of law for the offense of unregistered motor vehicle on May 27, 2011; (6) possessing or using marijuana on or about May 12, 2011 when he submitted a positive urine specimen and for which he signed an admission report on May 26, 2011; (7) possessing or using marijuana on or about June 2, 2011 when he submitted a positive urine specimen; (8) failing to notify Probation within 72 hours of being arrested or questioned by the Palm Beach Sheriff's Office on January 25, 2011; and (9) failing to notify Probation within 72 hours of being arrested the Palm Beach Sheriff's Office on

May 27, 2011. The defendant admitted to violations (6) through (9). The Court finds that the Defendant knowingly, intelligently, and voluntarily admits to violating his supervised release regarding violations (6) through (9). The Court also finds that the Defendant knowingly, intelligently, and voluntarily waives his rights to a final probable cause hearing regarding violations (6) through (9).

A hearing was held on violations (1) through (5). The Court makes the following findings of fact:

U.S. Probation Officer Ronald Manganiello testified that he interviewed the Defendant and his spouse, Lawanda Grantlin. The Defendant admitted that on May 20, 2011, a family dispute escalated and he held his wife back.

PBSO Deputy Robert Bragg testified that on May 20, 2011 he was called to a domestic disturbance in progress. He saw Lawanda Grantlin standing by a beige van with the driver window broken out. Lawanda Grantlin had contusions to her neck and mouth, as evidenced by the photos in GXs 1 & 2.

PBSO Deputy Barry Statts testified that on May 27, 2011, he became involved in a traffic stop of the Defendant after the Defendant fled from his Sergeant's attempted traffic stop. The Defendant was fleeing at a high rate of speed. The Defendant ultimately fled on foot and dropped a clear baggie containing marijuana. When he was caught the Defendant said he had more marijuana on his person.

PBSO Sergeant Matthew Lavignia testified that the Defendant's vehicle on May 27, 2011 had a tag for the wrong vehicle. The vehicle fled his attempted stop recklessly at a high rate of speed. When caught the Defendant apologized for fleeing.

Lawanda Grantlin testified that she was subpoenaed to appear and has moved to Daytona Beach but that she and her husband have 9 children together and she does not want to see him go back to jail. Her husband threw a tennis shoe at the vehicle window on May 20, 2011 and broke the window. He touched her mouth to tell her to be quiet, causing an abrasion. She testified that she could not recall if he grabbed her neck. The Court finds that her testimony that her husband broke the window and caused an abrasion to her mouth to be credible. This Court further finds that her testimony that he broke the window with a tennis shoe and that she could not recall if he grabbed her neck to be incredible. The testimony was offered in an effort to be consistent with statements made after the incident while still minimizing the Defendant's culpability in an effort to keep him out of jail.

The section pertaining to revocations of supervised release requires the court to find that the Defendant violated the conditions of his supervised release by a preponderance of the evidence rather than beyond a reasonable doubt. *See Johnson v. United States,* 529 U.S. 694, 700, 120 S.Ct. 1795 (2000)(citing 18 U.S.C. § 3583(e)(3)); *United States v. Poellnitz,* 372 F.2d 562, 566 (3d Cir. 2004) (stating, "[t]he plain language of § 3583(e)(3) requires a finding by 'a preponderance of the evidence' that the defendant violated a condition of his supervised release."); 18 U.S.C. § 3583(e)(3).

This Court **RECOMMENDS** that based upon the above facts that the District Court find the Defendant guilty of supervised release violations (1) through (9). The Court also

recommends that this matter be set down for sentencing before the District Court.

The Clerk is **ORDERED** to set this matter before the sentencing calendar of Senior United States District Court Judge Daniel T.K. Hurley.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Senior United States District Court Judge Daniel T.K. Hurley, within fourteen days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 30 day of August, 2011.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable Daniel T.K. Hurley, Senior United States District Judge
Counsel of record
U.S. Marshal
U.S. Probation
Clerk of Court